# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

         **Plaintiff,**

-vs-                               **Case No. 6:07-cv-608-Orl-22DAB**

**AQUACELL BATTERIES, INC.; MICHAEL J. NASTE; AQUACELL BATTERIES FLORIDA, INC.; ETERNERGY, INC.; GAMING SOFTWARE, INC., f/k/a: Bet-Net Enterprises, Inc.; GAMING SOFTWARE INTERNATIONAL; GODFATHER'S, INC.; MIGHTY MUSCLE CARS, INC.; and HOLLYWOOD MOVIE HAIR PRODUCTS, INC.,**

         **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** MOTION TO COMPEL DEFENDANT MICHAEL J. NASTE TO RESPOND TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (Doc. No. 52)
>
> **FILED:** June 4, 2007

> **MOTION:** MOTION TO COMPEL DEFENDANT MICHAEL J. NASTE TO RESPOND TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (Doc. No. 63)
>
> **FILED:** June 21, 2007

At issue in the two motions (one brought by the Receiver and one brought by Plaintiff) is whether and to what extent the Fifth Amendment privilege against self-incrimination can be asserted to avoid a substantive response to the Request for Production of Documents.

By way of background, the Securities and Exchange Commission ("the SEC") brought this action against Michael J. Naste ("Naste") and Aquacell Batteries, Inc. ("Aquacell") and several other allegedly related entities ("Relief Defendants"), alleging, among other things, that the Defendants defrauded investors through the sale of Aquacell's securities in violation of the anti-fraud and registration provisions of the federal securities laws (Doc. No. 1).[1] The District Court initially denied Plaintiff's motion for a Temporary Restraining Order, to the extent it was sought without notice to Defendants (Doc. No. 7). In denying the motion to the extent it was sought without notice, the District Court reasoned that Aquacell and Naste already knew the SEC was "hot on their trail," noting that the agency took Naste's sworn testimony in a formal investigative proceeding regarding these matters, at which "Naste submitted to a full day of pointed questioning in which he was advised that the facts developed in the investigation might constitute violations of criminal law." (Doc. No. 7 at 2). The Court scheduled a same day hearing with notice, and, on April 13, 2007, the Court entered an Order granting Plaintiff's motion for a Temporary Restraining Order, which provided for, *inter alia*, the freezing all of the Defendants' and the Relief Defendants' assets, prohibiting the destruction of documents, and the appointment of a receiver (Doc. No. 10). The TRO also ordered all Defendants to make accountings, and specifically ordered Naste to make a sworn accounting as to all funds received by him from Aquacell, "make a sworn accounting to this Court and the Commission of all assets, funds, or other properties held by him, jointly or individually, or for his direct or indirect beneficial interest, or over which he maintains control, wherever situated, stating the location, value

---

[1]While not pertinent to the matter at hand, the Court notes that the Complaint appears to be missing page 3.

and disposition of each such asset, fund, and other property," and identify all accounts in which he either has an interest or over which he has the right to exercise control (Doc. No. 10 at 8-9).

As Naste admits in his papers, "Since the entry of that Order, Naste has also endeavored to cooperate with the SEC and the Receiver by identifying and surrendering assets and by consenting to a preliminary injunction." (Doc. No. 66 at 2). That injunction provides, in part:

> ACCOUNTING IDENTIFICATION OF ACCOUNTS BY NASTE
> It is further ordered and adjudged that, if he has not already done so, Defendant Naste shall make his sworn accounting required of him under the TRO, and serve and file such accounting within five business days of the issuance of this Order.

(Doc. No. 47).

Despite having been questioned under oath in a formal investigative proceeding and having consented to the terms of the Preliminary Injunction, which plainly require him to make a sworn accounting of all accounts and assets, Naste has refused to provide the accounting and has responded to *all* discovery requests for production with a blanket assertion of "his Fifth Amendment rights against self-incrimination." (*See* Doc. No. 52-2). The parties have briefed the matter, but this Court finds that the issue is not fully joined.

All agree that a blanket assertion of the privilege against self-incrimination is not valid. *See United States v. Vance,* 730 F. 2d 736, 738 (11th Cir. 1984); *United States v. Argomaniz*, 925 F. 2d 1349 (11th Cir. 1991) (compliance with an IRS summons). As stated in *Argomaniz,* "it is the role of the district court, *not* the taxpayer, to evaluate the taxpayer's claim of incrimination and determine whether it reasonable." *Id.* at 1355. This evaluation process is well established, and "a blanket refusal to produce records or to testify will not support a fifth amendment claim." *Id.* at 1356. Instead, the witness "must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *Id.* (citation and quotation omitted).

The first step in making any such evaluation, in the context of production of documents, is to identify what documents are sought and, to the greatest extent possible without vitiating the privilege, what documents are being withheld, allegedly due to the assertion of the privilege.  Here, the Court is presented with general, broad categories of documents countered by general, blanket assertions of privilege. Absent more specific information the Court simply cannot make the analysis as to whether the invocation of the privilege is properly supported.  "A court must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well -founded." *United States v. Melchor Moreno,* 536 F.2d 1042, 1049 (5th Cir. 1976); *see also SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir.1981).

This is especially true in that the SEC and Receiver contend that: 1) some of the records are corporate records (to which no privilege attaches); 2)  the records are alleged to be already known to the Receiver and thus their existence is a foregone conclusion;  and 3) Naste has waived his right to invoke the privilege, due to his conduct in this litigation and his prior sworn statement in the investigative proceeding.

The Court cannot evaluate whether the privilege can be asserted as to particular documents or requests without a more particularized showing as to the grounds for assertion with respect to each document or request and without a showing as to the government's present knowledge as to the existence and location of the requested documents. *See Hiibel v. Sixth Judicial Dist. Court of Nevada,* 542 U.S. 177, 189, 124 S.Ct. 2451, 259 L.Ed 2d 292 (2004) ("To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." citing *United States v. Hubbell*, 530 U.S. 27, 34-38, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000 )); *see also  Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976) (noting that resolution of whether production of documents is testimonial depends on the facts and circumstances of particular cases and

-4-

if subpoena is more a question of "surrender" than of "testimony," no constitutional rights are touched).

Accordingly, the parties are **ORDERED** to confer as to each document request and each specific assertion of privilege. The SEC and Receiver must specify more particularly the documents it wants produced.[2] Naste must then either acknowledge the existence of the document and his custody of same, deny the existence of the document and/or his custody of same, or assert the privilege with respect to why he cannot either confirm or deny the existence and/or custody of the document. If the existence and custody of the document itself is not being claimed as privileged, Naste must then acknowledge same, and either produce the document or assert the privilege and be prepared to establish for the Court why the production of the document is privileged. Once the parties have exhausted this process and the privilege is asserted more narrowly, the Court may then be in a position to evaluate each particular claim of privilege through an *in camera* proceeding. *See SEC v. First Financial Group of Texas, Inc.*, *supra,* 659 F.2d at 668. ("[E]ven if the danger of self-incrimination is great, (the party's) remedy is not to voice a blanket refusal to produce his records or testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *citing United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969) (footnote omitted).)

The parties shall confer within 11 days of the date of this Order, and shall file a status report regarding the *specific* matters at issue, including a statement of the parties' position as to whether either an evidentiary hearing or *in camera* examination is necessary for proper resolution of remaining issues.

---

[2] The Receiver contends that he is "already aware of the existence of these documents and now is simply requesting that Naste produce them." (Doc. No. 52 at 7). As such, the Government must be prepared to demonstrate the truth of this assertion.

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record