**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**
                    **Plaintiff,**

**-vs-**                                            **Case No. 6:07-cv-608-Orl-22DAB**

**AQUACELL BATTERIES, INC.;**
**MICHAEL J. NASTE;**
**AQUACELL BATTERIES FLORIDA, INC.; ETERNERGY, INC.;**
**GAMING SOFTWARE, INC., f/k/a: Bet-Net Enterprises, Inc.;**
**GAMING SOFTWARE INTERNATIONAL;**
**GODFATHER'S, INC.;**
**MIGHTY MUSCLE CARS, INC.;**
**HOLLYWOOD MOVIE HAIR PRODUCTS, INC.,**
                    **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR A DETERMINATION THAT THE PERSONAL PROPERTY IS THE PROPERTY OF THE RECEIVERSHIP ESTATE (Doc. No. 185)**
>
> **FILED:** September 25, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

By prior Order, this Court found certain real estate located in North Carolina to be the property of the receivership estate (Doc. Nos. 182, 184). The Receiver now seeks, over the reported objection

of Dr. Hennigan (who claims an interest in the personalty), a determination that the personal property (furnishings) of the North Carolina residence also belong to the Receivership. As proof, the Receiver notes that the personal property was already on the premises when the improper transfer of the real estate to Dr. Hennigan took place in 2007 and is therefore part of the constructive trust placed on the real estate by prior Order.

The Court gave Dr. Hennigan an extended opportunity to respond (Doc. No. 187) and he has filed an unsworn declaration of Glenn Muehlhausen, owner and President of Bullseye Builders (Doc. No. 189). Mr. Muehlhausen avers that he "was involved for [sic] the sale of the house on Knoll Top Dr. that was sold to Michael Naste" and that the house "was sold unfurnished, and with an unfinished basement." *Id.* The Court is not persuaded by this declaration. Even if the Court were to credit the vague and unsworn declaration, at best, it establishes that at some unspecified time, a house on Knoll Top Drive was sold to Michael Naste, without furniture. It is *not* proof that the furniture presently in the house belongs to Dr. Hennigan. The photographs attached to the Receiver's motion show a fully furnished house four days after Naste (through his company) purchased the property in December 2005. There is no dispute that the house was transferred (improperly, according to the findings of this Court in prior Order) to a company controlled by Dr. Hennigan in 2007. Absent any proof that the furnishings and personalty in the house belong to Dr. Hennigan, either by prior purchase for value, purchased new after the transfer, or that he otherwise has a legitimate claim to the existing furnishings, the Court finds the preponderance of the evidence establishes extending the constructive trust to include the furnishings and personalty located on the North Carolina property.

The motion is **granted. The personal property is herein declared to be the property of the Receiver.** As such, Dr. Hennigan is directed not to remove or alter the personalty located on the North Carolina property.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties