**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**
        **Plaintiff,**

-vs-                                                      **Case No. 6:07-cv-608-Orl-22DAB**

**AQUACELL BATTERIES, INC.;**
**MICHAEL J. NASTE;**
**AQUACELL BATTERIES FLORIDA, INC.; ETERNERGY, INC.;**
**GAMING SOFTWARE, INC., f/k/a: Bet-Net Enterprises, Inc.;**
**GAMING SOFTWARE INTERNATIONAL;**
**GODFATHER'S, INC.;**
**MIGHTY MUSCLE CARS, INC.;**
**HOLLYWOOD MOVIE HAIR PRODUCTS, INC.,**
        **Defendants.**
_____

## ORDER

This matter came on for consideration at the final hearing of three objections of record to the Receiver's Proposed Plan of Distribution - the objection filed by Dominick Mavellia (Doc. No. 215); the objection filed by Cliff Johnsen (Doc. No. 212); and the objection filed by Barry Frucht (Doc. No. 214).

Following the filing of the Receiver's Objections to Proof of Claim, Plan of Distribution and Status Report (Doc. No. 202), the Court gave Notice to all persons regarding the opportunity to file objections or be heard with respect to the Receiver's Allowed Claims and Objections to Proofs of Claim (Doc. No. 210). In that Order and Notice Regarding Claims, the Court set a status conference and stated that "any interested or affected persons or parties can appear [at the conference] and the

Court will address any objections and schedule such further proceedings as are appropriate" (Doc. No. 210). Although the instant three objections were filed *pro se* with the Court, no objectors appeared at the scheduled conference. The Court nonetheless addressed the objections, and set forth additional procedures to resolve the objections, including allowing additional filings and scheduling an evidentiary hearing, all consistent with due process (Doc. No. 220). The evidentiary hearing was held June 24, 2009, as noticed, with no appearance for Mr. Mavellia or Mr. Frucht, and Mr. Johnsen appearing through counsel, but without any presentation of evidence. The Court addresses each objection, in turn.

*Mr. Mavellia*

Although Mr. Mavellia claims that he is owed $25,000 through a July 7, 1997 stock purchase agreement with Gaming Software International, Inc. (a Relief Defendant), it is undisputed that he failed to submit a claim by the original bar date. The Receiver contends that Mr. Mavellia received adequate notice of the claim date and provided evidence of same. In prior Order, the Court gave Mr. Mavellia ten calendar days to respond to the Receiver's claim that he received proper notice and to submit a sworn proof of claim, with supporting documentation (Doc. No. 220). Although Mr. Mavellia has responded by tendering to the Receiver a sworn claim form, no additional evidence has been presented either in support of the claim or to overcome the Receiver's showing that the notice to file a claim was adequate and actually received. At hearing, the Receiver represented that there is no proof that the monies were actually paid to Gaming Software, as there are no corporate records from that time period. The Receiver proposes that the claim be disallowed as untimely and unsupported. The Court concurs. Mr. Mavellia has failed to make a sufficient showing to override the claims bar date. His objection is **overruled and his claim is denied.**

*Mr. Frucht*

The Receiver objects to Mr. Frucht's claim in the amount of $295,292.00, based upon Mr. Frucht's status as a Vice President of Operations and board member of the Defendant Aquacell. In that position, the Receiver asserts (and has offered evidence) that Mr. Frucht prepared fraudulent financial projections and business plans which were relied upon by investors (Doc. No. 202 at p. 4, Doc. No. 221).

Mr. Frucht did not appear at hearing, and is apparently relying solely on his papers. In his papers, however, Mr. Frucht acknowledges that he was "directly involved in helping to producing [sic] financial projection estimates . . . and the associated business plans" but asserts that the numbers were estimates and he was not intending to mislead anyone (Doc. No. 214). While acknowledging that he was Vice President of Operations and a board member, he nonetheless claims to have no knowledge of the companies' bank accounts or expenditures except in the most basic ways (people were working, phones were being answered, etc.). In the business plans, Mr. Frucht's "25 year background in Retail Operations and Merchandise Management" is touted and it is noted that "his analytical methodology will be used for budgeting . . ." Nothing in the Financial Data contained in the business plans reveals that the numbers were only "market potential estimates derived from market research and general investigative methods, including input from other company associates." (*compare* Doc. No. 214, Doc. 221-7 at 29.) As equitable theories govern distribution plans in SEC receiverships, Mr. Frucht's status as an insider whose actions furthered the fraud defeats his claim. The objection is **overruled.** Mr. Frucht's claim is properly disallowed.

*Mr. Johnsen*

Mr. Johnsen filed his objection *pro se*, but counsel appeared on his behalf at hearing. No evidence was offered in support of the objection, which is based on Mr. Johnsen's belief that his

$100,000.00 claim should be given preference, as it is a "loan" and not an "investment." At hearing and in the papers filed, the Receiver argued that this was an unsecured loan, made with knowledge of the SEC investigation and under questionable circumstances. (*see* Doc. No. 202 at 5, and Doc. No. 213). As Mr. Johnsen had already received $800,000 back from his initial cash pay out of $900,000 to Aquacell, the Receiver argues that it is inequitable to give Mr. Johnsen's claim preference in this SEC receivership, in view of the fact that he has already received an 88% return while many investors have received nothing, and that if the Receiver were to do so, it would all but foreclose all other claims in view of the limited funds remaining for distribution. The Court finds this argument to be compelling.

While Mr. Johnsen contends that he was not an "investor" but a creditor, the Court is unpersuaded by the nomenclature. Many persons gave monies to Aquacell in exchange for a "Stock Purchase and **Loan** Agreement," making them also "creditors" in the broad sense of the word. Further, this is an equitable SEC receivership and not a bankruptcy proceeding, and it is not disputed that Mr. Johnsen's "loan" was made with knowledge of the SEC investigation.[1] The Court sees no basis to treat Mr. Johnsen's unsecured monies any differently than other claimant's unsecured monies. His objection is **overruled.**

As no other objections have been timely filed, the Court grants preliminary approval to the Receiver's Allowed Claims and Plan of Distribution, subject to further filings with respect to Money Growth Solutions, fees and expenses and other outstanding matters relating to the Estate. As set forth at hearing, the Receiver shall have until **July 31, 2009** in which to file a Status Report or Proposal

---

[1] This knowledge would not serve to disallow the claim entirely, and the Receiver does not seek to do so. Rather, the Court finds little sympathy for the position that Mr. Johnsen's unsecured loan should be given preference over others who, unlike Johnsen, did not give money with full knowledge of the risk.

-4-

with respect to matters affecting the status of Money Growth Solutions and any other outstanding matter.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 29, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties